STRONG, Superintendent of Poor, v. WILLIAMS, County Treasurer.

(Supreme Court, Appellate Division, Fourth Department.  April 28, 1915.)

1. PAUPERS ☞6—COUNTY SUPERINTENDENT OF POOR—COMPENSATION.

Poor Law (Consol. Laws, c. 42) § 3, subd. 10, authorizing county superintendents of poor to draw on the county treasury for necessary expenses incurred, the draft to be paid out of moneys for the support of the poor, must be read with subdivision 14, as amended by Laws 1912, c. 75, requiring county superintendents of the poor to pay over to the county treasurer, on the first day of each month, all moneys raised from any source belonging to the county, and make payments authorized by orders drawn on the county treasurer payable to the person entitled thereto, and showing the purpose for which the order is given, and does not authorize a superintendent to himself draw money from the county treasurer on his own draft, to be disbursed by himself, or to repay himself for money already disbursed by him.

[Ed. Note.—For other cases, see Paupers, Cent. Dig. § 14; Dec. Dig. ☞6.]

2. PAUPERS ☞6—COUNTY SUPERINTENDENT OF POOR—COMPENSATION.

. Under County Law (Consol. Laws, c. 11) c. 16, § 12, subd. 5, authorizing the board of supervisors of each county to fix the salary and compensation of the superintendent of the poor of the county, which shall be a county charge, the personal expenses of the superintendent of poor of a county are not a county charge unless the board of supervisors expressly so provide in fixing his compensation.

[Ed. Note.—For other cases, see Paupers, Cent. Dig. § 14; Dec. Dig. ☞6.]

Appeal from Special Term, Lewis County.

Application for a peremptory writ of mandamus by Louis T. Strong, Superintendent of the Poor of the County of Lewis, against Harry A. Williams, County Treasurer of the County of Lewis, to compel defendant, as County Treasurer, to pay a draft of petitioner, as Superintendent of the Poor, for personal expenses incurred as Superintendent. From an order directing a peremptory writ, defendant appeals. Reversed, and application denied.

Argued before KRUSE, P. J., and ROBSON, FOOTE, and LAMBERT, JJ.

C. S. Mereness, of Lowville, for appellant.
William H. Hilts, of Lowville, for respondent.

FOOTE, J.  The personal expenses, for payment of which a peremptory writ of mandamus was ordered at the Special Term, consist of mileage and stage fares to and from petitioner's residence and the county seat, where we assume the county almshouse is located, together with meals at the county seat.

[1] The affidavit accompanying the petition for the writ bases the right to have the draft paid on subdivision 10 of section 3 of the Poor Law (chapter 46, Laws 1909 [Consol. Laws, c. 42]). This subdivision provides that county superintendents of the poor shall:

"10. Draw on the county treasurer for all necessary expenses incurred in the discharge of their duties, which draft shall be paid by such treasurer out of the moneys placed in his hands for the support of the poor."

Under other subdivisions of this section the superintendent is authorized to incur various expenses enumerated for the care and support of the poor and the maintenance of the county almshouse. It seems probable that it was for these expenses for the poor rather, than the superintendent's personal expenses, that he was authorized to draw on the county treasurer; but, however that may be, we are of opinion that, by the amendment of subdivision 14 of this section by chapter 75 of the Laws of 1912, the right of the superintendent to draw money from the treasury for his personal expenses has been taken away, if it ever existed. Subdivision 14 of section 3, as so amended, is as follows:

"The county superintendents of the poor shall  *  *  *

"14. Pay over to the county treasurer on the first day of each month all moneys received by him from any source in his official capacity, or otherwise received by him and belonging to the county, since the date of the preceding payment, and make payments which he is authorized to make under this chapter only by orders drawn on the county treasurer, payable to the person entitled thereto and showing upon the face thereof the purpose for which the order is given."

The intent and effect of this amendment seems to be to make it unlawful for the superintendent to disburse moneys himself directly and to require him to make all payments of every kind, in executing the duties of his office, by means of a draft drawn on the treasurer payable to the person to whom the disbursement is to be made. The draft in question was drawn by the superintendent to his own order, and did not show upon its face the purpose for which it was given, except by the words "Superintendent's expenses, $13.14."

We think subdivision 10 must be read with subdivision 14, as amended in 1912, and that, when so read, subdivision 10 does not authorize the superintendent to himself draw money from the county treasurer on his own draft, to be disbursed by himself or to repay himself for moneys already disbursed by him. The amendment of subdivision 14 has rendered the decision in People ex rel. Serven v. Demarest, 16 Hun, 123, no longer authority for the course pursued by the superintendent in this case. We are further of opinion that the papers presented at the Special Term did not show that the superintendent was entitled to be reimbursed by the county for his personal expenses in traveling to and from the almshouse and his home and for his meals while away from home.

[2] By subdivision 5 of section 12 of the County Law (chapter 16, Laws 1909 [Consol. Laws, c. 11]), the board of supervisors of each county is authorized to fix the salary and compensation of the superintendent of the poor of its county, which shall be a county charge and not be changed during the term of such office. We find nothing in the County Law or elsewhere which provides that the personal expenses of the superintendent of the poor shall be a county charge, and we are of opinion that it is not a county charge, unless the board of supervisors have expressly so provided in fixing the salary or compensation of the superintendent.

The resolution of the board which fixes the compensation of the petitioner was not presented at Special Term, and is not before us. It

is sufficient to say that it was incumbent upon petitioner to show that the expenses for which he drew the draft upon the county treasurer were a county charge, in order to entitle him to a writ of mandamus to compel its payment.

It was not, we think, the purpose or intent of subdivision 10 of section 3 of the Poor Law to make a county charge personal expenses of the superintendent of the kind for which he seeks payment by this proceeding.

The order directing the writ of mandamus to issue should be reversed, with costs, and the application denied, with $10 costs. All concur; MERRELL, J., not sitting.